STATE of Missouri, Respondent,

v.

Ronald Dean BARKER, Appellant.

No. 56195.

Supreme Court of Missouri,
Division No. 2.

April 10, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

James E. Miller, Springfield, for appellant.

MORGAN, Presiding Judge.

Charged as a second offender, defendant was tried to a jury and found guilty on May 18, 1970, of burglary and stealing. No motion for new trial was filed. On May 20, 1970, the court assessed sentences of four years for burglary and three years for stealing, to be served consecutively. On November 10, 1970, this court sustained appellant's motion to appeal "out of time" under Supreme Court Rule 28.07, V.A.M.R. without appreciating that a motion for new trial had not been filed.

As we said in State v. Malloyd, Mo., 394 S.W.2d 405: "The fact that a motion for new trial was not filed precludes us from consideration of matters required to be preserved in a motion for new trial." State v. Cook, Mo., 327 S.W.2d 854; State v. Green, Mo., 438 S.W.2d 274. Furthermore, even though there could be some temptation to disregard such an established principle, in view of our rather inadvertent authorization of a late appeal, we are also confronted with the fact that appellant in the trial court insisted that no motion be filed or appeal taken. A portion of the record in this connection reflects:

"[Appellant]: Your honor, I want to pass on that new trial. I kind of like to get my sentence and get started on it if I have to go on as soon as possible.

[Appellant's Attorney]: I have explained to him that I could file a motion for new trial, but he seems to not want that . . . I have told him that I could and would file a motion for new trial but he doesn't want that done, he wants to go ahead and make disposition of it right now.

[The Court]: Well, Mr. Barker, you are under the emotion of the moment at this time, I feel, and I would say this to you: That I would like for you to have an opportunity to think about this, discuss it with your attorney a little more and maybe your family and then this Friday . . . if you still feel the same way then the Court would be willing to do so, but I hesitate to act upon something immediately after a jury has returned a verdict when you may be emotionally upset about it . . .

\* \* \* \* \* \*

[Appellant]: . . . I don't need an opportunity to think about it . . . I'd just like to get my sentence and get started on it as soon as possible. Mr. [his attorney] has explained to me that I've got the right for a motion for a new trial and I've had it before."

 Nevertheless, we have considered one point now submitted in appellant's brief that "the evidence was not sufficient to sustain a judgment of conviction of the offense charged," and find it to be without merit. As an officer approached the rear entrance to an appliance store, he observed an automobile leaving the scene with two occupants. Somewhat simultaneously, he observed a large cardboard box fall from a loading platform, and defendant, who had been "crouched" down behind it, jump from the platform and run from the scene. When caught, appellant was found to have a fresh bleeding cut on his middle finger. In addition, there is no dispute as to the fact that a window facing the dock had been broken; that two television sets had been moved outside on to the dock; and,

that a coin machine on the inside had been broken into. With such evidence and the reasonable inferences logically to be drawn, the state made a submissible case against appellant.

Lastly, and somewhat gratuitously, we comment that from the record presented there has been no miscarriage of justice. Supreme Court Rule 27.20(c).

The judgment is affirmed.

HENLEY and DONNELLY, JJ., and SMITH, Special Judge, concur.